USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 7/25/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELBA DOMINGUEZ, JOEL MARTINEZ, PABLO MARTINEZ, JOSE RICARDO MARTINEZ-CAYETANO, ELIZABETH TIGRE, ROBERT VASQUEZ, and DONACIANO CRUZ-CABALLERO, *on behalf of themselves and others similarly situated*,

                Plaintiffs,

v.

322 RESTAURANT CORP. *d/b/a* SOTTO CINQUE, and VINCENT MUSTAZZA,

                Defendants.

No. 14-CV-3643 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

Named Plaintiffs Elba Dominguez, Joel Martinez, Pablo Martinez, Jose Ricardo Martinez-Cayetano, Elizabeth Tigre, Robert Vasquez, and Donaciano Cruz-Caballero, on behalf of themselves and as representatives of a putative class of similarly situated employees, commenced this action on May 21, 2014, alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). ECF No. 2. Defendants failed to submit an Answer or otherwise appear and the Clerk of Court accordingly granted certificates of default. ECF No. 30. Defendants subsequently appeared, at which point the Court granted a motion to vacate the certificates of default. ECF No. 30. Defendants submitted an Answer, but Plaintiffs subsequently filed an Amended Complaint. ECF Nos. 32-33. Defendants failed to answer the Amended Complaint. Accordingly, the Clerk of Court again granted certificates of default as to both Defendants. ECF Nos. 36-37.

At the May 18, 2015 hearing on Plaintiffs' order to show cause, counsel for Defendants appeared and represented that he had been unable to reach his clients. ECF No. 52. The Court provided an additional week to respond to the order to show cause. ECF No. 52. Defendants still failed to respond. The Court, therefore, granted Plaintiffs' motion for default judgment and referred the matter to Magistrate Judge Pitman for an inquest into damages. ECF Nos. 51-52. Now before the Court is Judge Pitman's Report and Recommendation, to which no objections were made.

The Court has reviewed the Report for clear error. *See Galeana v. Lemongrass on Broadway Corp.*, 120 F. Supp. 3d 306, 310 (S.D.N.Y. 2014). The Court hereby enters judgment against Defendants for the amounts stated in the thorough, well-reasoned Report, with two exceptions: (1) the amount of spread-of-hour damages owed to Mr. Cruz-Caballero shall be reduced from $5973.95 to $5973.87 to remedy a calculation error in adding the sub-amounts of spread-of-hour damages owed for the various discrete time periods and (2) the amount of overtime premium damages owed to Mr. Vasquez shall similarly be reduced from $5412.39 to $5121.97, as the Report mistakenly indicates that the pay period from April 1st to April 14th of 2014 consisted of four, rather than two, weeks. These changes have the effect of reducing the overall awards as follows: Mr. Cruz-Caballero is owed $118,449.72 and Mr. Vasquez $17,369.56. The overall damages owed to all plaintiffs is thus reduced from $749,902.17 to $749,611.67.

The parties' failure to file written objections, after Judge Pitman warned that such failure would result in a waiver of objections for the purposes of appeal, precludes appellate review. *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008). Plaintiffs have until August 31, 2018 to move for attorney's fees and costs.

SO ORDERED.

Dated:   July 25, 2018
         New York, New York

Ronnie Abrams
United States District Judge