USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 5/9/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELBA DOMINGUEZ, JOEL MARTINEZ, PABLO MARTINEZ, JOSE RICARDO MARTINEZ-CAYETANO, ELIZABETH TIGRE, ROBERT VASQUEZ, AND DONACIANO CRUZ-CABALLERO, *on behalf of themselves and others similarly situated*,

Plaintiffs,

v.

322 RESTAURANT CORP. *d/b/a* SOTTO CINQUE, AND VINCENT MUSTAZZA,

Defendants.

No. 14-CV-3643 (RA)

MEMORANDUM OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

Named Plaintiffs Elba Dominguez, Joel Martinez, Pablo Martinez, Jose Ricardo Martinez-Cayetano, Elizabeth Tigre, Robert Vasquez, and Donaciano Cruz-Caballero, on behalf of themselves and as representatives of a putative class of similarly situated employees, commenced this action on May 21, 2014, alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). On July 25, 2018, the Court adopted Magistrate Judge Pitman's Report and Recommendation and entered judgment against Defendants in the amount of $749,611.67. *See* Dkt. 62. Remaining before the Court is Plaintiffs' motion for an award of attorneys' fees and costs totaling $30,019.60, which Defendants have not opposed. For the reasons that follow, the Court grants Plaintiffs' motion but reduces the award of attorneys' fees and costs to $21,013.10.

**I. Attorneys' Fees**

A prevailing party in an action brought pursuant to the FLSA and the NYLL is entitled to an award of reasonable attorneys' fees and costs. *See* 29 U.S.C. § 216(b) ("The court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); N.Y. Lab. Law §§ 198(1)–(2), 663(1). In the Second Circuit, an award of reasonable attorneys' fees is calculated based on the "presumptively reasonable fee," otherwise known as the lodestar, which is the product of the number of hours spent on the litigation and a "reasonable hourly rate." *See Millea v. Metro-North R. Co.*, 658 F.3d 154 (2d Cir. 2011). The party seeking attorneys' fees "bears the burden of . . . documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

Plaintiffs' counsel seek $29,445 in fees based on 99.8 total hours of work. *See* Sherr Aff. at 5–6 (Dkt. 65). In support of their request, Plaintiffs' counsel submits contemporaneous billing records reflecting the work completed by each member of the Law Office of Justin A. Zeller P.C., the law firm that brought this case and which specializes in wage-and-hour litigation. *See* Sherr Aff. Ex. 1. Specifically, the billing records set forth the date on which the attorneys' services were performed, the nature of the work performed by each attorney, and the number of hours spent. As an initial matter, "[s]uch a submission meets the evidentiary threshold for the recovery of attorney's fees." *Navig8 Chems. Asia Pte., Ltd. v. Crest Energy Partners, LP*, No. 15 Civ. 7639 (PAE), 2015 WL 7566866, at *1 (S.D.N.Y. Nov. 24, 2015).

**A. Hourly Rates**

A reasonable hourly rate is "the rate a paying client would be willing to pay," based on the "prevailing [hourly rate] in the community . . . where the district court sits." *Arbor Hill Concerned*

*Citizens Neighborhood Assoc. v. Cnty. Of Albany*, 522 F.3d 182, 183 (2d Cir. 2008). In determining the reasonable hourly rate, the Court considers the factors set forth in *Arbor Hill*.[1]

The three attorneys that represented Plaintiffs in this matter—Mr. Zeller, Mr. Sherr, and Mr. Gurrieri—assert that their reasonable hourly rates are, respectively, $375, $325, and $275. The Court reduces each of them.

Mr. Zeller graduated law school in 2002, has specialized in wage-and-hour litigation since 2005, and is the sole shareholder of the law firm that represented Plaintiffs in this case. Sherr Aff. ¶ 5. Courts in this district have found hourly rates of between $300 and $400 per hour for partners handling wage-and-hour class actions to be reasonable. *Santos v. El Tepeyac Butcher Shop Inc.*, No. 15-CV-814 (RA), 2015 WL 9077172, at *2 (S.D.N.Y. Dec. 15, 2015). In *Rodriquez-Hernandez*, Mr. Zeller had requested fees based on an hourly rate of $400 per hour, but the Court reduced his hourly rate to $350 per hour. No. 15-cv-6848 (KBF), 2017 WL 2266874, at *6 (S.D.N.Y. May 23, 2017). The *Rodriguez-Hernandez* court explained that "Mr. Zeller's reasonable hourly rate ha[d] been considered three times by courts" in this Circuit, had been found at most to be $350 per hour, and Mr. Zeller had provided no reason why the Court should increase his rate based on his efforts expended in the case. The same is true here. Mr. Zeller's hourly rate is thus reduced to $350 per hour.

For similar reasons, the Court reduces the hourly rates of Mr. Sherr and Mr. Gurrieri. Mr. Sherr graduated law school in 2010 and has since been associated with the Law Office of Justin A. Zeller. He has previously been awarded an hourly rate of $300 in this district, *see id.*, consistent

---

[1] These factors are: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorneys' customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases." *Arbor Hill*, 522 F.3d at 186 n.3 (citing *Johnson v. GA. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)).

with "[c]ourts in this district [which] have found that $300 is an appropriate hourly rate for a senior associate with at least eight years' experience." *Black v. Nunwood, Inc.*, No. 1:13-cv-7207-GHW, 2015 WL 1958917, at *6 (S.D.N.Y. Apr. 30, 2015) (collecting cases). Lastly, Mr. Gurrieri graduated law school in 2013 and was associated with the Law Office of Mr. Zeller from between that time until June 2017. In this district, "FLSA litigators who have more than three years of experience have been awarded rates in excess of $225 per hour." *Run Guo Zhang v. Lin Kumo Japanese Restaurant Inc.*, No. 13 Civ. 6667(PAE), 2015 WL 5122530, at *2 (S.D.N.Y. Aug. 31, 2015); *see also Rodriguez-Hernandez*, 2017 WL 2266874, at *6 (awarding Mr. Gurrieri a rate of $250 per hour); *Boutros v. JTC Painting and Decorating Corp.*, No. 12 Civ. 7576(PAE), 2014 WL 3925281, at *7 (S.D.N.Y. Aug. 8, 2014) (awarding a rate of $250 per hour to associates with between three and six years of experience litigating FLSA cases). As with Mr. Zeller, Mr. Sherr and Mr. Gurrieri provide no basis to justify a further increase in their hourly rates. In light of the straightforward nature of this wage-and-hour case and the minimal efforts required to obtain a judgment—by default—the Court does not find such an increase in counsel's hourly rates to be warranted. The Court reduces Mr. Sherr's hourly rate to $300 per hour and Mr. Gurrieri's rate to $250 per hour.

### B. Number of Hours

Courts are required to carefully examine the number of hours for which attorneys seek compensation and to make appropriate adjustments for "duplicative hours." *Wong v. Mangone*, 450 F. App'x 27, 32 (2d Cir. 2011). Such adjustments include excluding hours that are "excessive, redundant, or otherwise unnecessary," or making across-the-board percentage reductions to the number of hours "as a practical means of trimming fat from a fee application." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998). In calculating the number of reasonable hours, the Court

looks "to its own familiarity with the case and its experiences generally, as well as to any evidentiary submissions[.]" *Cuevas v. Ruby Enters. of New York Inc.*, No. 10-CV-5257 (JS)(WDW), 2013 WL 3057715, at *3–4 (E.D.N.Y. June 17, 2013).

Counsel's time entries are vague and appear to be excessive in light of the work that was required to obtain a judgment against Defendants. Most striking among the billing entries is that, as of May 6, 2015, Mr. Sherr and Mr. Gurrieri spent a combined total of 80.6 hours on tasks that include the description "Dispositive Motions, Draft/revise" or "Other Written Motions and Submissions, Draft/revise." As of that time, the substantive filings in this case were limited to Plaintiffs' Complaint and Amended Complaint, and a memorandum and affidavits in support of Plaintiffs' proposed order to show cause seeking a default judgment. Time spent drafting the Complaint and Amended Complaint appear to have been billed under entries described as "Pleadings, Draft/revise"; thus, the entries regarding "Dispositive Motions" and "Other Written Motions and Submissions" that exist up to and including May 6, 2015, seem to refer only to Plaintiffs' memorandum and affidavits in support of their request for a default judgment.

The Court is not persuaded that the cumulative 80.6 hours billed by Mr. Sherr and Gurrieri is a reasonable number of hours to spend preparing the default papers filed in this case. The billing descriptions lack any detail regarding the specific work completed in drafting those papers. Apart from the factual description and the damages charts, the memorandum includes descriptions of legal standards that could be used in many cases. And although Plaintiffs did submit seven supporting affidavits, these affidavits are only two to four pages in length and recite the same facts that are included in Plaintiffs' memorandum. Courts in this Circuit often reduce the number of hours awarded for time spent on preparing default motions in wage-and-hour actions in these circumstances. *See, e.g.*, *Carrasco v. West Village Ritz Corp.*, No. 11 Civ. 7843(DLC)(AJP), 2012

WL 2814112, at *7 (S.D.N.Y. July 11, 2012) (declining to compensate attorney for 15.05 hours spent on drafting, filing, and preparing a default motion where motion appeared to be "largely 'boiler plate'" but compensating attorney for time spent drafting damages chart included in motion), *report and recommendation adopted*, No. 11 Civ. 7843(DLC), 2012 WL 3822238 (S.D.N.Y. Sept. 4, 2012); *Guaman v. Krill Contracting, Inc.*, No. 14-CV-4242 (FB)(RER), 2015 WL 3620364, at *13 (S.D.N.Y. June 9, 2015) (concluding that vague descriptions of time entries for research, revising, and drafting a motion for default judgment warranted a 30% reduction in the number of hours allotted for such tasks, and citing cases deeming between 8.7 and 16.24 hours for preparation of a motion for default in FLSA cases to be reasonable).

In light of the vagueness of Plaintiffs' descriptions, and the seemingly excessive number of hours spent on preparing Plaintiffs' default papers, the Court finds that a 30% reduction in the number of hours spent by Mr. Sherr and Mr. Gurrieri on time entries allotted to "Dispositive Motions" and "Other Written Motions and Submissions" is warranted. *See Herrara v. 12 Water St. Gourmet Cafe, Ltd.*, No. 13-CV-4370(JMF)(RLE), 2016 WL 1274944, at *13 (S.D.N.Y. Feb. 29, 2016) (reducing attorneys' fees across-the-board by 40% where Plaintiffs obtained default judgment in light of "duplicate work on the same filings," and where Plaintiffs did not accurately calculate their damages), *report and recommendation adopted*, No. 13-CV-4370 (JMF), 2016 WL 1268266 (S.D.N.Y. Mar. 31, 2016); *Cortes v. New Creators, Inc.*, No. 15 CIV. 5680 (PAE), 2016 WL 3455383, at *9 (S.D.N.Y. June 20, 2016) (reducing attorneys' fees across-the-board by 15% "to redress any improper or excessive billing"). Although the remainder of counsel's billing entries also lack detail, the number of hours spent on tasks such as "Fact Investigation/Development" appear to be consistent with the factual development that Plaintiffs undertook in succeeding on their motion for default judgment. The number of hours spent on other

tasks including drafting requests to adjourn conferences, and communicating with clients, is also reasonable. As such, the Court limits the 30% reduction in hours to those spent preparing Plaintiffs' default papers.[2]

In calculating the reduction in attorneys' fees, the Court first reduces the award by applying the reduced hourly rates to all hours submitted. The billing records reflect that Mr. Zeller, Mr. Sherr, and Mr. Gurrieri worked for, respectively, 0.9, 38.2, and 60.7 hours on this case. Applying the reduced rates for these hours, the attorneys' fees award is reduced to $26,950.[3] The Court further reduces that figure by applying the 30% reduction to the relevant entries of Mr. Gurrieri and Mr. Scherr. Mr. Sherr and Mr. Gurrieri worked for, respectively, 31.1 and 49.5 hours on tasks that included descriptions for "other written motions and submissions" and "dispositive motions" prior to the submission of Plaintiffs' default papers on May 6, 2015. After reducing those hours by 30%, the attorneys' fees award becomes **$20,438.50**.[4]

## II. Costs

As previously noted, the FLSA and NYLL permit an award of costs to the prevailing party which includes "reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *Mendoza v. CGY & J Corp.*, No. 15-CV-9181 (RA), 2017 WL 4685100, at *3 (S.D.N.Y. Oct. 2017) (quoting *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998)).

---

[2] To be clear, the Court applies the 30% reduction to all time entries that include descriptions for "Dispositive Motions, Review/analyze" or "Other Written Motions and Submissions, Draft/Revise," on or before May 6, 2015, and regardless of whether other descriptions, such as "Communicate (with client)" or "Manage data/files," are included in the same time entries. The Court's inability to determine the amount of time allotted to specific tasks in entries with multiple descriptions supports reducing the hours recorded for those entries. *See Cortes v. New Creators, Inc.*, No. 15 Civ. 5680 (PAE), 2016 WL 3455383, at *9 (S.D.N.Y. June 20, 2016) (citing cases applying percentage reductions to time records that include descriptions of different tasks in the same entry, a practice otherwise known as block-billing).

[3] This figure was calculated as follows: (0.9 hours x $350/hour) + (38.2 hours x $300/hour) + (60.7 hours x $250 hour) = $26,950.

[4] This figure was calculated as follows: $26,950 – (31.1 hours x $300/hour x 0.3) – (49.5 hours x $250/hour x 0.3) = $20,438.50.

These expenses must be properly substantiated through invoices or receipts, or "a sworn statement or declaration under penalty of perjury that certain amounts were expended on particular items." *Rosales v. Gerasimos Enterprises Inc.*, No. 16-CV-2278 (RA), 2018 WL 286105, at *2 (S.D.N.Y. Jan. 3, 2018).

Plaintiffs' counsel seek reimbursement for costs totaling $574.60: $400 for the court filing fee, $155 for service of process, and $19.60 for postage and case record fees. The filing fee is reflected on the Court's docket, Plaintiffs have provided receipts for the costs of serving Defendants, and Mr. Scherr has attested under penalty of perjury as to the accuracy of the postage and case record fees. The Court thus awards costs in the amount of **$574.60**.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for attorneys' fees and costs is granted for a total amount of **$21,013.10**. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 64 and to close this case.

SO ORDERED.

Dated:   May 9, 2019
         New York, New York

                                    Ronnie Abrams
                                    United States District Judge